IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandusky Wellness Center, LLC,   Case No. 3:14CV00583

    Plaintiff

    v.   **ORDER**

Medco Health Solutions, Inc., et al.,

    Defendants

This case arises under the "Telephone Consumer Protection Act" (TCPA), also known as the "Junk Fax Act," 47 U.S.C. § 227. The Act prohibits sending unsolicited fax advertisements.

Plaintiff alleges on June 29 and September 14, 2010, defendants violated the TCPA by faxing unsolicited advertisements to plaintiff.

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is defendants' motion for summary judgment. (Doc. 20). For the reasons that follow, I grant the defendants' motion.

**Background**

Defendant Medco is a pharmacy benefit manager (PBM). Medco contracts with third-party payors and health plan administrators to manage prescriptions benefits that these payors and providers offer their members through various health plans.

Medco maintains prescription drug formularies on behalf of its PBM clients. A drug formulary is a comprehensive list of medications, generic and name-brand, approved under a specific health plan.

Each year Medco distributes a Formulary Reference Guide to healthcare providers servicing Medco's clients' health plan members. The guide includes Medco's formularies and offers information to assist providers in choosing the most appropriate and cost-effective drug treatment options for health plans and their members.

To ensure the information contained within Medco's Formulary Reference Guide remains current, Medco periodically notifies healthcare providers about changes, updates, or other relevant information concerning applicable Medco formularies. Medco sometimes sends these notifications by facsimile.

Plaintiff Sandusky Wellness Center, LCC (Wellness) is a healthcare provider serving Medco's clients' health plan members. Plaintiff previously had received the 2010 Formulary Reference Guide.

The June 29th fax told prescribing physicians "of the plan-preferred medications within the lipid-lowering class."

The September 14th fax informed prescribing physicians of prescription drugs covered under members' health plans.

After receiving the faxes, Sandusky filed this suit, claiming the faxes were unsolicited advertisements under the TCPA.

Defendants' summary judgment motion contends the faxes were only informational, rather than promotional, and thus outside the scope of the TCPA prohibition of advertisements.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure entitles a party to summary judgment where the opposing party fails to show the existence of an issue of fact requiring trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Id.* at 324.

In deciding a motion for summary judgment, I accept the non-movant's evidence as true and construe all evidence in the non-movant's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S 451, 456 (1992).

## Discussion

The sole disputed issue is one of law: namely, whether the faxes were "advertisements" within the meaning of the TCPA.

The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

Although the TCPA does not define the term "advertising" the Federal Communications Commission, charged with implementing the TCPA, issued a definition:"messages that do not promote a commercial product or service . . . are not unsolicited advertisements under the TCPA." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*; *Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967 (May 3, 2006) ("FCC Final Rule"); *see In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 F.C.C.R.

3787 at 3810 (Apr. 5, 2006). The FCC Final Rule expressly designates "informational" communications as exempt from the TCPA. FCC Final Rule, at 25972-25973.

A fax is informational if its "primary purpose" is to communicate information, rather than to promote a product. *Id.* at 25973. *See also Physicians Healthsource, Inc. v. Multiplan Services, Corp.*, 2013 WL 5299134 (D. Mass.) (finding that a fax sent by a healthcare provider network manager to a physician which "[did] not purport to sell or buy goods or services" and contained "no overt advertising" or "any enticement that could be construed as a pretext to advertise commercial products or services" was not an "advertisement"); *Holmes v. Back Doctors, Ltd.*, 2009 WL 3425961, *2 (S.D. Ill.), *vacated in part on other grounds*, 695 F. Supp. 2d 843 (S.D. Ill. 2010) (finding faxes sent by a back specialist to a personal injury law firm regarding various medical disorders did not amount to "advertisements," even though they had some advertising benefit).

In this case, Medco sent Sandusky faxes which informed the physician-addressees of generic (and thus less expensive) options to brand name, prescription medications.

Even more importantly, persons insured under a plan that included the defendant as its prescription drug provider benefit from doctors informed about generic alternatives to brand (and thus patent-protected and more expensive) equivalents. Where doctors know about and prescribe generic alternatives, patients will save money. Medco, in turn, by saving money providing the less expensive alternative, could reduce the premiums for persons covered under its plan.

The faxes sent to Wellness helped to fulfill these objectives. They did not solicit the sale of anything: they simply told doctors interested in serving their patients effectively while being cost-attentive how they could do so.

4

These purely informational faxes are not prohibited as "unsolicited advertisements" under the TCPA.[1]

### Conclusion

For the reasons set forth above, it is

ORDERED THAT defendants' motion for summary judgment (Doc. 20) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge

---

[1] Medical providers, like the plaintiff here, are often in the forefront of those complaining about frivolous litigation. That description is not far off the mark, if off it at all here. While by noting that fact I do not invite or expect to receive a motion for sanctions, I trust this opinion will serve as a warning to plaintiff and others who receive faxes of this sort, which serve a useful, and not a disruptive or illegal purpose not to file similar fruitless litigation in the future. If plaintiffs or others fail to heed this warning, I trust my colleagues will respond appropriately.